UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JEANETTE LYNN ALESHIRE, and                         Civ. No. 10-3375 (MJD/LIB)
ANDREW STEVEN ALESHIRE,

        Plaintiffs,

v.                                                                                    **REPORT AND
                                                                                      RECOMMENDATION**

BANK OF AMERICA,

        Defendant.

_____

This matter is before the undersigned United States Magistrate Judge on Plaintiffs' applications for leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). As discussed more fully below, the Court finds that Plaintiffs' complaint fails to state a claim upon which relief can be granted. Therefore, the Court recommends that their IFP applications be denied, and that this action be summarily dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## I.    FACTUAL BACKGROUND

Plaintiffs filed this action on August 6, 2010, at which time they also sought leave to proceed IFP. On September 2, 2010, the Court advised Plaintiffs that their action could not proceed at that time because their complaint failed to plead an actionable claim. (Dkt. 6). However, the Court granted Plaintiffs 30 days to file an amended pleading curing the defects identified in the Court's Order.

At the same time, the Court also referred Plaintiffs to the Federal Bar Association Pro Se Project, which has a panel of volunteer lawyers who provide legal assistance to pro se litigants, so that they might receive some assistance in curing the defects in their pleading. The Court was informed that there had been some difficulty finding a volunteer attorney to review Plaintiffs'

case and as a consequence, the Court delayed issuing a ruling on Plaintiffs' pending IFP applications.

However, on January 19, 2011, the Court advised Plaintiffs that within 20 days they must file an amended complaint, voluntarily withdraw their complaint, or counsel must file an appearance on their behalf, in the event they were able to find counsel. (Dkt. 8). The Court forewarned Plaintiffs that this action would be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if no such action was taken in accordance with the Court's Order. It has now been more than 20 days, and Plaintiffs have failed to comply with the Court's Order.

## II.   DISCUSSION

An IFP application will be denied and the action will be dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127 (8th Cir. 1996).

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitled the plaintiff to some legal remedy against the named defendant based on some cognizable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)(although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory; the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiffs' current pleading fails to state an actionable claim for relief, because it does not describe any specific acts or omissions by the named Defendant that would entitle Plaintiffs to any legal remedy against Defendants under any legal theory. Plaintiffs' complaint does not present any historical facts. The "Statement of Claim" section of the complaint does not describe

any specific acts or events; it is merely a list of vague references – e.g., "Failure to Apply Monthly Payments to Home Mortgage"; "Inadequate Communication"; "False Credit Reporting." Plaintiffs have not described what the named Defendant actually did, or failed to do, that allegedly entitles Plaintiffs to a judgment against Defendant, and in fact, the Defendant is never mentioned in the statement of their claim.

Even with the liberal construction that is required in pro se cases, see Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the current complaint clearly fails to state any claim upon which relief may be granted. See, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Plaintiffs' complaint also fails to identify any specific legal basis for their claims. The complaint includes a vague allusion to "Right to Fair Banking Practices, and Right to Know," but Plaintiffs have not identified any specific federal law on which their claims against Defendant are based. For this addition reason, Plaintiffs' complaint is fatally defective.

Because Plaintiffs' complaint does not set forth sufficient factual or legal grounds to state any cognizable claim, this action is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs have been afforded ample opportunity to cure the defects in their pleading, which they have failed to do. Accordingly, the Court finds that this action should be summarily dismissed for failure to state a claim upon which relief can be granted.

**III.   RECOMMENDATION**

Based upon the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiffs' applications to proceed in forma pauperis [Docket Nos. 2 and 3] be DENIED; and

2.  This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


DATED:  February 18, 2011            s/

                                              Leo I. Brisbois
                                              U.S. MAGISTRATE JUDGE


# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 4, 2011,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.